JUDGE TORRES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HENRY ANDRIXON,<br><br>Defendant. | **SEALED INDICTMENT**<br><br>25 Cr.<br><br>25 CRIM 445 |

**COUNT ONE**
**(Bank Fraud)**

The Grand Jury charges:

**The Mortgage Fraud Scheme**

1. Between at least in or about November 2018 through at least in or about July 2023, HENRY ANDRIXON, the defendant, engaged in a scheme to submit false and fraudulent mortgage applications (the "Fraudulent Mortgage Applications") to various mortgage origination companies and lenders (each a "Mortgage Origination Company," and collectively, the "Mortgage Origination Companies"), in order to obtain mortgages based on false pretenses on behalf of third-party borrowers (the "Borrowers") and, on at least one occasion, on behalf of himself. The Fraudulent Mortgage Applications contained materially false statements and information regarding the Borrowers, including misstatements about the Borrowers' employment and their fitness for the mortgages for which they were applying. ANDRIXON submitted Fraudulent Mortgage Applications to at least eight different Mortgage Origination Companies, including at least one Mortgage Origination Company located in Manhattan. As part of the scheme, ANDRIXON secured more than 50 mortgages totaling over $17 million on behalf of the third-party Borrowers based on materially false pretenses, and submitted dozens of additional mortgage

applications which were not ultimately funded. In exchange for his assistance in obtaining the mortgages on behalf of the Borrowers, the Borrowers at times paid ANDRIXON a fee for his services. In addition, in certain instances, ANDRIXON received a referral fee from a real estate broker.

2. Specifically, and among other things, in the mortgage applications submitted on behalf of the Borrowers, HENRY ANDRIXON, the defendant, lied about the Borrowers' employment by falsely claiming that the Borrowers were employed by certain entities (the "Purported Employing Entities") which did not, in fact, employ the Borrowers. In many cases, the Purported Employing Entities were entities that had been incorporated by ANDRIXON and/or were otherwise controlled by ANDRIXON and/or associates of ANDRIXON, but which conducted little, if any, actual business operations, and had few, if any, employees.

**STATUTORY ALLEGATIONS**

3. From at least in or about November 2018 through at least in or about July 2023, in the Southern District of New York and elsewhere, HENRY ANDRIXON, the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, ANDRIXON engaged in a scheme to make false statements and representations to mortgage lending companies in order to obtain mortgage loans for residential properties on behalf of third parties.

(Title 18, United States Code, Sections 1344 and 2.)

**COUNT TWO**
**(Wire Fraud)**

The Grand Jury further charges:

4. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

5. From at least in or about November 2018 through at least in or about July 2023, in the Southern District of New York and elsewhere, HENRY ANDRIXON, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, ANDRIXON engaged in a scheme to obtain mortgages for himself and others based on false pretenses, including by making false statements and representations and submitting falsified documents about the employment and other financial information pertaining to the mortgage applicants, and in furtherance thereof, ANXRIXON transmitted and caused to be transmitted electronic communications to and from the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT THREE**
**(Making False Statements to a Bank)**

The Grand Jury further charges:

6. The allegations contained in paragraphs 1 and 2 of this Indictment are repeated and realleged as if fully set forth herein.

7. From at least in or about November 2018 through at least in or about July 2023, in the Southern District of New York and elsewhere, HENRY ANDRIXON, the defendant, knowingly made a false statement and report for the purpose of influencing the action of a mortgage lending business, upon an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, and insurance agreement and application for insurance and a guarantee, and a change and extension of any of the same, by renewal, deferment of action and otherwise, and the acceptance, release and substitution of security therefor, to wit, for the purpose of obtaining mortgages on behalf of himself and third parties, ANDRIXON made false statements to the Mortgage Origination Companies regarding the employment and other financial and personal information of the third party Borrowers for whom ANDRIXON submitted the Fraudulent Mortgage Applications.

(Title 18, United States Code, Sections 1014 and 2.)

**FORFEITURE ALLEGATION**

8. As a result of committing the offenses alleged in Count One, Count Two, and Count Three of this Indictment, HENRY ANDRIXON, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

**Substitute Assets Provision**

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

[redacted]
FOREPERSON

Jay Clayton
JAY CLAYTON
United States Attorney